**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 9, 2025

Christine M. Mackintosh, Esquire
Kelly L. Tucker, Esquire
Edward M. Lilly, Esquire
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, Delaware 19801


P. Bradford deLeeuw, Esquire
deLeeuw Law LLC
1301 Walnut Green Road
Wilmington, Delaware 19807

Kevin G. Abrams, Esquire
E. Wade Houston, Esquire
Abrams & Bayliss LLP
20 Montchanin Road
Wilmington, Delaware 19807


Ronald N. Brown, III, Esquire
Kelly L. Freund, Esquire
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801

RE:    *In re TS Innovation Acquisitions Sponsor, LLC Stockholder Litigation*,
Consolidated C.A. No. 2023-0509-LWW

Dear Counsel:

This case involves claims for the alleged impairment of redemption rights held

by a special purpose acquisition company's (SPAC) public stockholders.[1]   A

settlement was reached that provides members of a putative class with pro rata shares

of a $29.75 million recovery.   On May 12, 2025, I delivered a bench ruling

tentatively approving the settlement, the plan of allocation, a fee and expense award

---

[1] *See In re MultiPlan Corp. S'holders Litig.*, 268 A.3d 784, 808-18 (Del. Ch. 2022)
(describing the contours of a breach of fiduciary duty claim based on the impairment of
SPAC public stockholders' redemption rights).

for the plaintiffs' counsel, and incentive awards to the named plaintiffs.[2] But I declined to enter a final order due to a concern with the proposed class.[3]

The parties' definition of the "Settlement Class" includes:

> All record and beneficial holders of Eligible Shares, whether held as separate shares of Common Stock or as part of Public Units, who held such shares between the close of business on May 11, 2021 (the "Record Date") and June 4, 2021 (the "Closing") (the "Class Period"), and their *successors in interest* . . . .[4]

In my ruling, I questioned whether "successors in interest" were appropriately included. I expressed skepticism that the claims presented traveled with the shares post-closing since the redemption rights at issue terminated.[5] And because inconsistent approaches to class definitions have emerged in similar cases, I requested a supplemental submission from counsel on the proper settlement class.[6]

The plaintiffs filed their supplemental submission on May 16. They clarified that "successors in interest" should be limited to those persons or entities who

---

[2] Tr. of Tel. Rulings of the Ct. on Settlement (Dkt. 128) ("Settlement Ruling Tr.").

[3] *Id.* at 20-21.

[4] Am. [Proposed] Order and Final J. (Dkt. 113) ¶ 3 (emphasis added).

[5] Settlement Ruling Tr. 18.

[6] *Id.* at 19-20.

acquired shares before the de-SPAC merger closed.[7] They also noted that "successors in interest" should exclude "post-[m]erger shareholders, who never had redemption rights, because they are not successors in interest to the claims."[8]

I agree. Claims concerning the impairment of redemption rights are "individual."[9] Before the redemption deadline, public stockholders must decide whether to redeem their shares or invest in the de-SPACed company.[10] But after they make that decision, the redemption right is extinguished—a fundamental change that "transmogrifie[s]" the stock to sever the related breach of fiduciary duty claims.[11] The claims travel no further with the shares.

---

[7] Letter Regarding Successors in Interest and Class Definition (Dkt. 127) ("Pls.' Suppl. Submission") 3. I also invited the defendants to file a supplemental submission. Settlement Ruling Tr. 19-20. Although the defendants opted not to do so, the plaintiffs confirmed that the parties had conferred and the "[d]efendants . . . ha[d] no objection to th[e] correspondence or its substance." Pls.' Suppl. Submission 1 n.1.

[8] Pls.' Suppl. Submission 3.

[9] *MultiPlan*, 268 A.3d at 803 (observing that allegations about disloyal conduct which impaired stockholders' redemption rights "g[ave] rise to individual claims"); *see also Laidlaw v. GigAcquisitions2, LLC*, 2023 WL 2292488, at *6 n.86 (Del. Ch. Mar. 1, 2023).

[10] *See Delman v. GigAcquisitions3*, 288 A.3d 692, 711 (Del. Ch. 2023) ("[A] stockholder who opted not to redeem chose to invest her portion of the trust in the post-merger entity. This affirmative choice is one that each SPAC public stockholder must make.").

[11] *I.A.T.S.E. Loc. No. One Pension Fund v. Gen. Elec. Co.*, 2016 WL 7100493, at *5 (Del. Ch. Dec. 6, 2016); *see also GigAcquisitions3*, 288 A.3d at 711 (noting that after a stockholder makes a redemption choice, "[t]here is no continuation of the status quo"); *Brown v. Matterport, Inc.*, 2024 WL 2745822, at *13 (Del. Ch. May 28, 2024) (observing that "the post-closing shares are an economically different security than the SPAC's

As a result, successors in interest should only include those upon whom the claims devolve by operation of law.[12] "[A] transfer of shares by operation of law means that the shareholder acquires the shares without any act or cooperation on his or her part."[13] One common example is an heir who obtains the decedent's shares through a will or intestate succession.[14] But those who acquire shares after closing through a voluntary transaction—such as a sale or gift of stock—are not successors in interest to the claims here.

---

shares"), *aff'd in part, rev'd in part on other grounds sub nom. Matterport, Inc. v. Brown*, 2025 WL 1166116 (Del. Apr. 22, 2025) (TABLE).

[12] *See* 10 *Del. C.* § 3701 ("All causes of action, except actions for defamation, malicious prosecution, or upon penal statutes, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued."); *cf. Noerr v. Greenwood*, 2002 WL 31720734, at *4 (Del. Ch. Nov. 22, 2002) (observing that other than stockholders as of the record date who were asked to vote, "[t]he only other persons who could assert [a] disclosure claim would be the 'record date' stockholders' successors in interest, who by operation of law would be entitled to assert disclosure claims on behalf of those record date stockholders").

[13] *Parfi Hldg. AB v. Mirror Image Internet, Inc.*, 954 A.2d 911, 937 (Del. Ch. Sept. 4, 2008) (quoting William Meade Fletcher, Cyclopedia of the Law of Corporations § 5981 (2004)) (emphasis omitted).

[14] *See id.* at 937 n.97 (noting that the concept of a share transfer by operation of law "has frequently been applied to situations where a plaintiff acquired interests in shares as a result of rights obtained through a will" (quoting Fletcher, *supra* note 13, § 5981 (2004))); *see also Noerr*, 2002 WL 31720734, at *4 (giving examples of "successors in interest" who obtained shares "by operation of law," including "a person having a power of attorney to act on behalf of a record date stockholder, a personal guardian for a record date stockholder, and an executor of a record date stockholder's estate").

The Settlement Class definition should therefore be modified to:

> All record and beneficial holders of Eligible Shares, whether held as separate shares of Common Stock or as part of Public Units, who held such shares between the close of business on May 11, 2021 (the "Record Date") and June 4, 2021 (the "Closing") (the "Class Period"), and their successors in interest [*who obtained shares by operation of law*] . . . . [15]

Without this specification, the inclusion of "successors in interest" is overbroad.

Because the parties share my view on the scope of the class,[16] I anticipate that the clarification proposed above would not constitute a material change to the settlement. To be certain, I ask that they file a joint letter stating whether they agree with or object to this modification. If the change is acceptable, I will grant the Final Order and Judgment promptly.

Sincerely yours,

*Lori W. Will*

Lori W. Will
Vice Chancellor

---

[15] *See* Am. [Proposed] Order and Final J. (Dkt. 13) ¶ 3 (defining Settlement Class, excluding the bracketed italicized text).

[16] *See* Pls.' Suppl. Submission 3 (defining the Settlement Class as "only those persons or entities upon whom the claim would devolve by operation of law, such as the estate of a Class member who held at the closing of the [m]erger").